IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS, TENNESSEE

_____

**TRACY MCGEE,**

   **Plaintiff,**

No. _____

**TENET HEALTHCARE d/b/a
ST. FRANCIS HOSPITAL,**

   **Defendants.**
_____

# COMPLAINT FOR RACE DISCRIMINATION UNDER TITLE VII AND TENNESSEE HUMAN RIGHTS ACT AND DECLARATORY JUDGMENT
_____

COMES NOW the Plaintiff, Tracy McGee, by and through her counsel of record and for a cause of action would show to the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991 *et. seq.,* 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Tennessee Human Rights Act, § 4-21-701, and the Tennessee common law including punitive damages resulting from discrimination based on race and sex, and retaliation.

**II.**

## JURISDICTION and VENUE

2. Jurisdiction of this action is invoked pursuant to 28 U.S.C. § 1331 and § 1343. This is an action authorized by and filed pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to consider the state law claims because those claims arise out of the same facts and circumstances as the federal claims.

3. The unlawful employment practices and other actionable conduct is and continues to be committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division at Memphis, Tennessee.

## III.

## PARTIES

4. The Plaintiff, Tracy McGee is currently a black female resident of Memphis, Shelby County, Tennessee and a licensed Doctor of Pharmacy by training.

5. Upon information and belief, Defendant Tenet Healthcare Corporation, now is, and at all times relevant to this action was a Delaware corporation, authorized to transact business in the State of Tennessee and having its principal offices at 13737 Noel Road, Suite 100, Dallas, Texas 75240. Upon information and belief, Defendant Tenet Healthcare, now is, and at all times relevant to this action was a foreign corporation, authorized to transact business in the State of Tennessee and having its principal offices at 13737 Noel Road, Suite 100, Dallas, Texas 75240. Upon information and belief, Tenet Healthcare Corporation, Tenet Healthsystems own and/or operate Saint Francis Hospital located at 5959 Park Avenue, Memphis, Tennessee 38119. Tenet Healthcare Corporation, Tenet Healthsystems Inc.'s registered agent for process is C.T. Corporation System, 800 S. Gay

Street, Knoxville, Tennessee 37929.

## IV.

## CAUSE OF ACTION

6. The allegations set forth in Paragraphs 1 through 5 of this Complaint are incorporated herein by reference.

7. Plaintiff, Tracy McGee (hereinafter "McGee") is an African American female who has been employed as the Pharmacy Operations Manager for St. Francis Hospital at the 5959 Park Avenue, Memphis, Tennessee since March 28, 2016.

8. In her job as the Pharmacy Operations Manager, the Plaintiff supervises sixty (60) to seventy (70) employees at any given time, and her job duties involve among other things planning, coordinating and managing the day to day operations of the Pharmacy Department. McGee has the authority to hire employees and she proactively prepares the Hospital for any State Pharmacy Board or Drug Enforcement Agency ("DEA") visits. In her capacity as the Pharmacy Operations Manager she became aware that all the white male pharmacists made more than she did. Plaintiff voiced her displeasure about the wage disparity to the Human Resource personnel at the hospital, verbally and in writing, and to date the Plaintiff has been given no explanation or justification for the wage disparity.

9. Plaintiff continued to voice her concerns and when the Pharmacy Manager was fired for job impropriety, the Plaintiff was asked to fulfill the position of interim pharmacy manager in June of 2019. Initially, Plaintiff was not additionally compensated for the interim pharmacy manager position and she performed the role for more than one (1) month without additional pay.

10. Plaintiff went out on Family Medical Leave under the Hospital's FMLA policy that from December 26, 2018 to March 18, 2019.

11. Upon her return, she discovered a disparity in the narcotics count in the pharmacy and reported same to the Hospital authorities in May of 2019. St. Francis asked her to determine the source of the disparity, confirm the count of narcotics, and explain to the Drug Enforcement Agency ("DEA") the cause of the shortage. She demurred, and advised since the shortage was uncovered while she was physically not present at the Pharmacy and there was no way she could accurately account for the short fall as it had existed since January 23, 2019. St. Francis was unhappy with the Plaintiff refusing to become the scapegoat for the narcotic shortage while she held the title of Pharmacist in Charge.

12. After Jason Vison, PHARMD was terminated, Plaintiff was made aware that there was an opening for a Pharmacy Manager at the Park Avenue location, and she told her direct supervisor that she was interested in applying for the position. Plaintiff spoke to Jennifer Chiusano (W/F), Chief Nursing Officer, about the opening and Chiusano said she would "not support the Plaintiff" in her quest to be hired in this role. Chiusano further refused to review or sign the Plaintiff's transfer/promotion request.

13. During these times, St. Francis had in place a Chief Human Resource Officer named Keith Stanhill. Plaintiff spoke to Stanhill about the wage disparity and Stanhill agreed it was not right and he was working to correct the situation. Stanhill left employ at the Hospital and then his role was taken over by William Marty Keith. Keith spoke with the Plaintiff about the position open at St. Francis Park Avenue, and he told the Plaintiff that she would only be offered $5,000.00 more than her salary at the time if she was hired as

the Pharmacy Manager and that amount would still put her below her salary male counterparts.

14. Plaintiff applied for this position and also for an opening at the St. Francis Bartlett hospital which Chiusano told her was her only option. Plaintiff was interviewed for the Bartlett position and was not interviewed for the position at Park Avenue. Plaintiff was advised that her interview at Bartlett was going to be on a Friday afternoon at 5:00pm and she was given very short notice of the interview. The interview was rushed and more about why she would not get the position or was not right for the job than an interview to discuss her skill set and credentials. Her credentials and skill set was never in question while the Plaintiff was the *de facto* Pharmacist in Charge ("PIC") at Park Avenue during this search process.

15. During the interview, Plaintiff spoke with Wanda Pepperoni (W/F) and Jennifer Chiusano (W/F) and they told her that she would not get the Park Avenue position of Pharmacy Manager. They said that the interviewers had contacted a prior St. Francis employee with less education and experience to apply for the Park Avenue job. This person was Andrea Wilkerson (W/F) who was living outside of the Memphis, Tennessee area.

16. True to their word, St. Francis hired Wilkerson as the Pharmacy Manager and is currently the Plaintiff's supervisor despite her significantly inferior experience and education. Plaintiff has been made aware through review of the written job descriptions that the job that Wilkerson is performing was rewritten to fit her lower education and experience. (See Job Description of Plaintiff and Job Description of Wilkerson's position hereto attached as Collective Exhibit A).

17.  Plaintiff holds a Bachelor of Science degree in Biology, has completed the course work for her Master of Science in Natural Sciences, Doctor of Pharmacy and has one year of study left on a Master of Business Administration. (See Plaintiff's Resume hereto attached as Exhibit B).

18.  Plaintiff was and is, more qualified than Wilkerson to hold the position of Pharmacy Manager.

**Retaliatory Discipline of Plaintiff**

19.  After Plaintiff discovered the wage disparities and complained about them, she was told that she was going to be put on a performance improvement plan ("PIP"). The proposed PIP was given to her by Jason Vison (W/M). Plaintiff reviewed the PIP and wrote a rebuttal to the allegations and was told that the PIP would not be implemented nor placed in her file. She was told this by former management employee, Keith Stanhill, in a meeting with Vison on or about May 1, 2019. However, when she was applying for the position of Pharmacy Manager, the PIP was brought up during the interview phase by Pepperoni.

20.  Plaintiff contends she was given the proposed PIP to discredit her, prevent her from applying for promotions, and to discriminate against her based on her race.

21.  Prior to this attempt to discriminatorily discipline her for engaging in protected activity that included opposing Defendant's wage rates, Plaintiff had not been disciplined or counseled in any fashion since her hire.

**Plaintiff's Protected Activity**

22. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and filed her charge based on race (black), retaliation and sex (female) on July 22, 2019. (See Charge of Discrimination 490-2019-02511 hereto attached as Exhibit C).

23. The EEOC issued a Right to Sue notice on this charge on or about September 20, 2019 which the Plaintiff received on or about September 24, 2019. Plaintiff herein files this timely lawsuit. (See Right to Sue Notice dated September 20, 2019, hereto attached as Exhibit D).

24. This activity in complaining on site at the Hospital, in writing and verbally about the conduct taken against her and in going to the EEOC to file her charge of discrimination are acts that are protected activities under the Civil Rights Act.

25. Plaintiff has since become aware that she signed a preemployment agreement to arbitrate all disputes arising out of her employment through the Tenet Fair Treatment Program ("FTP"). Plaintiff believes that the agreement to arbitrate any and all disputes arising out of her employment is a contract of adhesion and is unenforceable in many aspects. The Agreement to submit to binding arbitration is comprehensive and overbroad and specifically requires the Plaintiff to relinquish her rights to pursue class relief in any capacity. This language and provision has been ruled unconstitutional recently in the Sixth Circuit decision of *Logan vs. MGM Grand Detroit Casino*, No. 18-1381 (6th Cir. 2019).[1] Plaintiff believes that the intention of the Defendant in forcing the Plaintiff to sign the arbitration agreement without explanation or time for attorney review was to divest the Plaintiff of her rights under Title VII of the Civil Rights Act of 1964, as

amended 1991 including stifling her statutory time limits to bring claims regarding her employment which she has the legal right to pursue. (See, Open Door Policy and Fair Treatment Process hereto attached as Exhibit E.)

26. Plaintiff has made a demand for arbitration to Tenet by and through its Human Resource department; however, the Plaintiff is seeking a declaratory judgment from this Court that the arbitration agreement Defendant alleges binds the Plaintiff be reviewed, and those parts that are violative of the Plaintiff's rights and Constitution be thrown out.

27. Upon information and belief, Tenet Healthcare is in the process of merging with Methodist Health Systems and the Plaintiff was among a group of employees who were present on Friday, December 13, 2019 when the merger was announced. Further, Plaintiff does not believe that she should be bound by the arbitration provision as one of the parties to the Contract may soon cease to exist.

28. Since the arrival of Wilkerson at the Hospital in September 2019, the Plaintiff has performed her job without incident and she is rarely, if ever, consulted or talked to by Wilkerson or other male staff who continue to earn more money than she does. Plaintiff believes that she is intentionally being given the "cold-shoulder" by white employees in retaliation for her complaints to upper management including Chuisano.

29. Plaintiff is being continually harmed by the Defendants intentional egregious acts of race and gender discrimination. Plaintiff has been encouraged to quit her job and leave the St. Francis system even though she has not received any discipline since her hire, she has not been counselled, and in her only evaluation in nearly four (4) years of employment she

---

1 The *Logan* decision was filed on September 25, 2019 an appeal from the Eastern District Court in Michigan to the Sixth Circuit.

received more than average marks and raises based on performance that were given Company wide.

30. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered the injuries complained of herein.

## COUNT ONE:

## RACE DISCRIMINATION

31. Plaintiff incorporates by reference all allegations contained in paragraphs 1-30 of this Complaint as though fully set forth herein.

32. Since at least 2016, Defendant has engaged in unlawful hiring practices in violation of Title VII and the THRA.

33. Plaintiff was discouraged from even applying for a position with the Hospital when Chuisano and Pepperoni became aware that she wanted to apply for the open position of Pharmacy Manager at the main location of Park Avenue.

34. These actions are in violation of the law of the state of Tennessee and of the laws of the United States as they currently exist.

## COUNT TWO:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGEOUS CONDUCT

35. Plaintiff incorporates by reference all allegations contained in paragraphs 1-34 of this Complaint as though fully set forth herein.

36. The foregoing acts of Defendant including but not limited to the discrimination against the Plaintiff based on race, are intentional and/or reckless and so outrageous so as not to be tolerated by civilized society and resulted in serious mental injury to Plaintiff.

37. As a direct and proximate result of Defendant's outrageous and intentional infliction of emotional distress, Plaintiff has suffered damages at the hands of the Defendant, its agents and those harms continue to the instant filing.

## COUNT THREE:

## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED 1991

38. Plaintiff incorporates by reference all allegations contained in paragraphs 1-37 of this Complaint as though fully set forth herein.

39. At all relevant times, the conduct of the Defendant, by and through its employees, as alleged herein constitutes retaliation against Plaintiff for her filing an EEOC charge of discrimination and an EEOC charge of retaliation.

40. Retaliation continues in that the Defendant is planning an extensive remodel of the Pharmacy Department and the Plaintiff found out all white male lead pharmacists who work under her are getting new office spaces in the renovation. Prior to his termination, Jason Vison told Plaintiff she was not slated for a new office in April of 2019. Wilkerson arrived in September 2019 and Plaintiff asked whether there were plans to renovate her office and Wilkerson told Plaintiff she was "more concerned about" the Pharmacists under Plaintiff's supervision getting a new offices.

41. This conduct remains a continuing violation of the laws of the State of Tennessee and of these United States and retaliatory by definition.

## COUNT FOUR:
## <u>REQUEST FOR PERMANENT INJUNCTION</u>

42. Plaintiff incorporates by reference all allegations contained in paragraphs 1-41 of this Complaint as though fully set forth herein.

43. Plaintiff seeks a permanent injunction restraining and prohibiting Defendant from continuing its policies, procedures, customs, or practices of authorizing its employees to discriminate against individuals based on race or sex in wages, including but not limited to the Plaintiff, for their participation in constitutionally protected activities, including, but not limited to, filing EEOC charges for retaliation and discrimination.

44. In the absence of the issuance of a permanent injunction, the Defendant will cause and continue to cause immediate and irreparable harm including, but not limited to, violation of citizens' exercise of constitutional rights, physical and mental harm.

45. There is no harm to the public interest if an injunction issues, and, in fact, the issuance of an injunction under the circumstances and facts of this case protects the public interest.

46. The harm to the individuals who are subjected to Defendant's policies, procedures, customs, or practices of participating in unconstitutional discrimination based on race or sex substantially outweighs any harm to the Defendant, and thus injunctive relief is appropriate.

47. Such an injunction is appropriate as the Defendant is a "repeat offender" and has been sued on more than one occasional for discrimination based on race and disabilities by federal agencies charged with investigation of such claims.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having suffered damages of loss of back pay and front pay, having suffered severe emotional distress and incurred medical expenses, Plaintiff demands the following relief against Defendant:

A. That judgment be entered in favor of the Plaintiff against Defendant, St. Francis Hospital and Tenet Healthcare, for compensatory damages under Title VII in the amount of $300,000.00.

B. That declaratory judgment be entered averring that the preemployment arbitration agreement signed by the Plaintiff was invalid on its face and be void by operation of law.

C. That judgment be entered in favor of the Plaintiff against the Defendant, St. Francis Hospital and Tenet Health for compensatory damages under the THRA and 42 U.S.C. §1981 in the amount of $500,000.00.

D. That judgment be entered in favor of the Plaintiff against the Defendant, St. Francis Hospital and Tenet Health, for the tort of outrageous conduct and intentional infliction of emotional distress in an amount to be determined.

E. That judgment be entered in favor of the Plaintiff against the Defendant, St. Francis Hospital and Tenet Health for punitive damages in an amount to be determined.

F. That Plaintiff be awarded her reasonable attorneys fees together with cost and disbursements.

G.      Award the Plaintiff prejudgment and post judgment interest on all awards herein.

H.      That Plaintiff be awarded any such further equitable relief to which she may be entitled.

                RESPECTFULLY SUBMITTED,
                JOHNSON AND JOHNSON, PC

                1407 Union Avenue, Suite 1002
                Memphis, Tennessee 38104
                (901) 725-7520 TELEPHONE
                (901) 725-7570 TELEFACSIMILE
                fjohnson@johnsonandjohnsonattys.com


                /s/Florence M. Johnson
                FLORENCE M. JOHNSON #15499